# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

**In re**
**STEPHEN A. and**
**PATRICIA L. KOHNER,**

       **Debtors.**

In Chapter 7 proceedings

Case No. 2:13-bk-02159-DPC
Case No. 2:13-bk-02161-DPC

**Joint Administration Under**
**Case No. 2:13-bk-02159-DPC**

Adversary No.: 2:13-ap-00199-DPC

---

**LOTHAR GOERNITZ,**

       **Plaintiff,**

   **v.**

**STEPHEN A. and**
**PATRICIA L. KOHNER,** *et al.*

       **Defendants.**

**ORDER DENYING MOTION TO DISQUALIFY KUTAK ROCK LLP AS SPECIAL COUNSEL TO TRUSTEE**

(Not for Publication- Electronic Docketing ONLY)[1]

    Defendants Stephen A. Kohner and Patricia Kohner (the "Debtors") move to disqualify the law firm of Kutak Rock, LLC ("Kutak") as special counsel to Chapter 7 Trustee Lothar Goernitz (the "Trustee").[2] After considering the matter the Court denies the Debtors' motion to disqualify Kutak.

### I. Background

    Kutak was counsel for one of the pre-petition creditors, RES-AZ, who brought fraudulent transfer litigation against the Debtors and other defendants in Maricopa County

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b).

[2] Defendant, the Sandra Treese Irrevocable Trust ("Treese Trust"), joined in the Debtors' motion to disqualify Kutak as special counsel.

Superior Court (the "State Court Litigation") prior to the bankruptcy filing. As part of the State Court Litigation, Kutak obtained a temporary restraining order freezing assets, pending a hearing on a preliminary injunction. The day before the scheduled evidentiary hearing on the preliminary injunction, RES-AZ, through Kutak, along with two other creditors, filed an involuntary bankruptcy petition against the Debtors.

The Trustee filed an application to employ Kutak as special counsel to pursue the estate's alleged claims. The application to employ Kutak indicated that, while RES-AZ would be entitled to seek reimbursement from the bankruptcy estate for services rendered to the Trustee, RES-AZ would continue to pay, and remain ultimately liable for, the fees incurred by Kutak. The Debtors initially gave notice that they objected to the retention of Kutak as special counsel but the Debtors later withdrew their intent to object after the Trustee and his general counsel assured the Debtors' counsel that Kutak's actions would be monitored to ensure that its representation of RES-AZ would not conflict with the estate's interests. On April 13, 2013, the Court signed an order appointing Kutak as special counsel to the Trustee.[3]

On April 17, 2013, the State Court Litigation was removed to this Court, commencing this adversary proceeding. On February 17, 2014, Kutak, on behalf of the Trustee, filed its First Amended Complaint seeking to, among other things, deny the Debtors' discharge under § 727, recover transfers from various defendants, and obtain a monetary judgment against defendant Gammage & Burnham, PLC ("Gammage & Burnham"). One day later, Kutak commenced an adversary proceeding on behalf of RES-AZ to have its claim excepted from discharge under § 523[4] and to deny the Debtors' discharge under § 727. On March 21, 2014, Kutak, on behalf of RES-AZ, filed a complaint in state court seeking a monetary judgment against Gammage & Burnham.

The Debtors filed a motion to disqualify Kutak as special counsel to the Trustee. The Debtors contend Kutak has an actual conflict of interest in that it cannot represent the

---

[3] Moyes, Sellers & Hendricks, Ltd. ("Moyes") was also appointed as special counsel on behalf of the estate. However, Debtors have not moved to disqualify Moyes as special counsel.

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

bankruptcy estate for the benefit of all creditors while assisting RES-AZ in its singular goals in the bankruptcy case as well as in the state court action against Gammage & Burnham. Kutak thereafter withdrew from its representation of RES-AZ in the state court action against Gammage & Burnham and now contends that no actual conflict of interest remains.[5]

## II. Discussion

Section 327 controls the employment of professionals and provides, in relevant part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> …
>
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.
>
> …
>
> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327.

     a. <u>Standing</u>

As a preliminary matter, Kutak contends that the Debtors do not have standing to object to the employment of Kutak. Kutak relies on § 327(c) which appears to require an "objection by another creditor or the Unites States trustee" before a court can examine whether a conflict is sufficient to disqualify a person from employment. However, § 327(a) does not include similar language and "there is authority [allowing a court to] sua sponte consider actual conflict issues stemming from dual representation." *In re Barnes*, 2013 WL 3760570 at *4 (D. Oregon 2013) (citing *In re Am. Energy Trading Co.,* 291 B.R. 154, 157–158 (Bankr. W.D. Mo. 2003); *In re*

---

[5] RES-AZ is now represented by Sherman and Howard, LLC in that state court lawsuit. RES-AZ's lawsuit against Gammage & Burnham has since been removed to this Court. *See* Adv. No. 2:14-ap-00315-DPC.

*Penney,* 334 B.R. 517, 520 (Bankr. D. Mass. 2005); *In re BH & P, Inc.,* 103 B.R. 556, 565 (Bankr. D. N.J. 1989), *aff'd in part, rev'd in part and remanded on other grounds,* 949 F.2d 1300 (3d Cir. 1991)).

The Court finds that because Kutak represents one of the Debtors' largest creditors, the circumstances of this case warrant the Court considering sua sponte whether an actual conflict exists sufficient to disqualify Kutak as special counsel to the Trustee.

      b. <u>Disqualifying Adverse Interest</u>

Section 327(e) authorizes the employment of special counsel who represents a creditor, if "the employment of an attorney [is] in the best interest of the estate and … the attorney [does] not represent or hold an interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed." *In re Song,* 2008 WL 6058782 at *7 (9th Cir. BAP 2008); *see also In re Arochem Corp.*, 181 B.R. 693, (Bankr. D. Conn. 1995); *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993); *In re Martain-Trigona*, 760 F.2d 1334, 1344 (2d Cir. 1985); *In re Fondiller,* 15 B.R. 890, 892 (9th Cir. BAP 1981).

The Debtors do not contend that Kutak holds any interest adverse to the estate but rather that Kutak *represents* an interest adverse to the estate, namely the creditor RES-AZ who is seeking a determination that its claim is non-dischargeable and is pursuing a monetary judgment against Gammage & Burnham. The issue here is whether RES-AZ's interests are adverse to the estate with respect to the matter for which Kutak was employed as special counsel.

To "represent an interest adverse to the estate" has been defined to mean "the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate." *In re Song*, 2008 WL 6058782 at *8 (quoting *In re AFI Holding, Inc.*, 335 B.R. 139, 148-49 (9th Cir. BAP 2006)). "In other words, if it is plausible that the representation of another interest may cause the [trustee]'s attorneys to act differently than they would without that other representation, then they have a conflict and an interest adverse to the estate." *In re Arochem*, 181 B.R. at 700.

4

The Court finds that Kutak's representation of RES-AZ will not cause Kutak to act differently, as special counsel, than they would if they did not also represent RES-AZ. Kutak was retained by the estate to deny the Debtors' discharge and to recover various transfers for the benefit of the estate. The interests of the Trustee and RES-AZ are aligned with respect to the matters in which Kutak was retained by the Trustee. If Kutak recovers assets as special counsel and enlarges the estate, RES-AZ would ultimately receive a greater distribution in the case. Similarly, RES-AZ would benefit if the Debtors' discharge is denied.[6] Kutak does not represent an interest adverse to the estate because both RES-AZ and the estate share the same goals with respect to the matters for which Kutak was retained. *See Stoumbos*, 988 F.2d at 964 (finding no conflict existed when trustee sought to employ attorney who also represented a creditor because the interests of the bankruptcy estate and the creditor client were aligned).

The Debtors nevertheless argue that Kutak represents an adverse interest because RES-AZ is paying Kutak's fees. The Court disagrees. The Bankruptcy Code provides no prohibition to a creditor paying the fees of a Trustee's special counsel. In fact, § 503(b)(3)(B) provides "a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor" to have an allowed administrative claim against the estate. "An application for approval of employment under section 503(b)(3)(B) is separate from a trustee's application to employ counsel under section 327; however, section 503(b)(3)(B) demonstrates that an attorney representing the trustee is not necessarily subject to disqualification if the attorney's fees are paid by the creditor." *In re Maerlender*, 2006 WL at *6 (Bankr. M.D.N.C. 2006) (citing *In re Maximus Computers, Inc.*, 278 B.R. 189, 197 (BAP 9th Cir. 2002)). Moreover, Arizona Ethical Rule 1.8(f) expressly allows a lawyer to accept compensation for representing a client from one other than the client provided the client gives

---

[6] The Debtors raised the argument that Kutak may have an incentive to intentionally lose its adversary case initiated on behalf of the estate seeking to deny the discharge as to all creditors because then, if Kutak is successful in its nondischargeability action on behalf of RES-AZ, there will be more assets post-discharge for RES-AZ to recover. The Court finds this hypothetical extremely unlikely because it would require Kutak to commit not only an ethical violation but also to violate its fiduciary duty to creditors. This unlikely hypothetical is not sufficient to warrant disqualification. *See Byrd v. Johnson,* 467 B.R. 832, 849 (S.D. Md. 2012) ("[a] conflict 'in which the competition is presently dormant, but may become active if certain contingencies occur,' is merely potential and thus does not warrant disqualification.").

informed consent, there is no interference of professional judgment or with the client-lawyer relationship, and client confidences are protected. Both of Kutak's clients, the Trustee and RES-AZ, have consented to this fee arrangement. Kutak has avowed (as it must) that it will abide by Rule 1.8(f). The fact that RES-AZ has agreed to pay Kutak fees for services rendered to the Trustee, subject to reimbursement from the estate, is not grounds for disqualification.

The Debtors next contend that, although Kutak withdrew from its representation of RES-AZ in the action against Gammage & Burnham, the fact that RES-AZ is still pursuing a judgment against Gammage & Burnham creates a conflicting interest with the estate because both are seeking a judgment against Gammage & Burnham and, if successful, would have to compete to collect from the same assets. The Court also finds this argument unavailing.

The Debtors rely on two cases, *In re Penney*, 334 B.R. 517 (Bankr. D. Mass. 2005) and *In re Barnes*, 2013 WL 3760570 (Bankr. D. Or. 2013), addressing the situation where counsel represents a creditor and the estate in actions seeking to recover against the same assets and finding that an actual conflict exists. In *Penney*, the bankruptcy court disqualified the trustee's special counsel who was seeking to recover fraudulent transfers the debtor made to guarantors while also pursuing[7] state court litigation against the same guarantors on behalf of a creditor on a debt that the guarantors owed the creditor. *Penney*, 334 B.R. at 520-21. Similarly, in *Barnes*, the bankruptcy court found a conflict in an attorney's representation of a creditor in state litigation while at the same time representing the trustee in bankruptcy litigation. *Barnes*, 2013 WL 3760570 at *5. The court found that the attorney suffered from an actual conflict because the attorney's recovery for the creditor-client could only be at a cost to the debtor's estate as both actions sought recovery from the same source, namely the debtor's insurance. *Id.*

---

[7] The *Penney* decision is unclear as to the extent of the proposed special counsel's representation of the creditor in the state court litigation against the guarantors. Proposed special counsel indicated in his declaration that he is "actively pursuing collection of this obligation from co-obligor." *Penney*, 334 B.R. at 518. On the other hand, the Trustee disclosed, in his application to employ special counsel, that the creditor is represented by another law firm "in connection with state court actions against co-obligors." *Id*. at 519. Debtors' counsel referred to *Penney* as a case where proposed special counsel sought to recover fraudulent transfers on behalf of the estate while, "at the same time, . . . pursuing state litigation against the guarantors on a debt the debtor owed the creditor." (Debtors' Supplemental Brief, Dkt. No. 101). The Court will assume that the proposed special counsel in *Penney* represented the creditor in its state court action against the guarantors while also representing the estate in its action against the same guarantors. This type of conflict does not exist in the case at bar.

However, unlike the attorneys in *Barnes* and *Penney*, Kutak does not represent RES-AZ in the action against Gammage & Burnham that could create a conflict. While Kutak at one time did have a conflict with respect to claims it was pursuing against Gammage & Burnham, Kutak withdrew as RES-AZ's counsel in its action against Gammage & Burnham. Kutak is now pursuing only the Trustee's actions against Gammage & Burnham and may not temper those efforts in order for RES-AZ to gain an advantage in collecting on claims against Gammage & Burnham. RES-AZ's lawsuit against Gammage & Burnham does not create a conflict sufficient to disqualify Kutak from serving as special counsel to the estate.

It is in the best interests of all creditors of the estate to not disqualify Kutak as special counsel to the Trustee. For almost two years, Kutak has represented RES-AZ in pursuing fraudulent transfer actions against the Debtors. Once the matter was removed to this Court it made sense for the Trustee to take advantage of Kutak's intimate knowledge of the facts and circumstances surround these alleged fraudulent transfers and appoint Kutak as special counsel to the Trustee. If the Trustee was required to appoint different counsel to serve as special counsel to the estate, the estate would incur unnecessarily duplicative costs and fees.[8]

The Court finds that the Trustee's employment of Kutak is in the best interests of the estate and that Kutak does not hold or represent an adverse interest sufficient to disqualify Kutak.

### III. Conclusion

For these reasons, it is ordered denying the Debtors' motion to disqualify Kutak as special counsel to the estate.

**So ordered.**

**DATED: June 24, 2014.**

_____
DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[8] The Court notes that, although Moyes was appointed as co-special counsel to the Trustee, Moyes' fees are being paid by its client, ML Manager, rather than by RES-AZ. While Moyes appears competent to solely handle this adversary proceeding on behalf of the estate, the Court will not second guess the Trustee's decision to hire these two firms as co-special counsel. However, the Court will carefully review the fee applications of both Kutak and Moyes to ensure that their efforts do not result in duplicative fees and costs.

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to: |
| 2 | |
| 3 | Interested parties |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |